United States Bankruptcy Court

Middle District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 24-01727-HWV |
| Duane Anthony Rogers | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0314-1 | User: AutoDocke | Page 1 of 2 |
| Date Rcvd: Aug 27, 2024 | Form ID: pdf010 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 29, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| | + | DAUPHIN COUNTY TAX CLAIM BUREAU, ATTN: OFFICER, MANAGING OR GENERAL, AGENT, 2 S. 2ND STREET, SUITE 1, HARRISBURG PA 17101-2047 |
| | | M&T BANK - CORPORATE OFFICE, ATTN: OFFICER, MANAGING OR GENERAL AGENT, ONE M&T PLAZA, BUFFALO NY 14203 |
| | + | PROPERTY MANAGEMENT, INC., ATTN: OFFICER, MANAGING OR GENERAL, AGENT, 350 POPLAR CHURCH ROAD, CAMP HILL PA 17011-2521 |
| 5630506 | + | Property Management Inc, 350 Poplar Church Road, Camp Hill, PA 17011-2521 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Aug 29, 2024 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 27, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brent J Lemon | |
| | on behalf of Creditor M&T BANK blemon@kmllawgroup.com |
| Gary J Imblum | |
| | on behalf of Debtor 1 Duane Anthony Rogers gary.imblum@imblumlaw.com |
| | gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;bernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase.com |
| Jack N Zaharopoulos | |
| | TWecf@pamd13trustee.com |

United States Trustee
    ustpregion03.ha.ecf@usdoj.gov

TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| DUANE A. ROGERS | : CASE NO. 1:24-bk-01727-HWV |
| aka DUANE A. ROGERS | : |
| aka DWAYNE ROGERS | : CHAPTER 13 |
|     Debtor | : |
| | : |
| DUANE A. ROGERS | : |
| aka DUANE A. ROGERS | : |
| aka SWAYNE ROGERS | : |
|     Movant | : |
| | : |
| v. | : |
| | : |
| JACK N. ZAHAROPOULOS, ESQUIRE | : |
| M&T BANK | : |
| DAUPHIN COUNTY TAX CLAIM BUR. | : |
| PROPERTY MANAGEMENT INC. | : |
|     Respondents | : |

### ORDER

Upon consideration of Debtor's Motion to Sell Real Estate Free and Clear of Liens, Doc. 9, and it appearing that no Objection or Answer was filed to the Motion by the time set forth in an Order, and the Court finding that the Buyer (and/or its designee) is a good faith purchaser for purposes of Section 363(m) and (n) and for purposes of *In re Abbotts Dairies of Pennsylvania Inc.*, 788 F.2d 143 (3rd Cir. 1986), it is

**ORDERED** that Federal Bankruptcy Rule 6004(h) is not applicable, and the real property may be sold and purchased immediately upon entry of this Order and that the sale of real estate at 145 Leonard Lane, Harrisburg, Dauphin County, Pennsylvania, free and clear of liens, to Charles D. Geary for $225,000.00, including all kitchen appliances, is approved and distribution of the proceeds as set forth below shall be permitted:

1. Payment of all closing costs for which Debtor is liable.

2. Payment of attorneys fees in the amount of $3,500.00, to be applied to Debtor's costs and Attorney fees, billed on an hourly basis, and approved by the Bankruptcy Court.

3. Payment of any and all other miscellaneous fees involved with the sale.

4. Payment of any liens and mortgages.

5. As long as same is a valid lien on subject real estate, payment in full of Dauphin County Tax Claim Bureau real estate taxes, if any, or else the sale will not occur.

6. As long as same is a valid lien on subject real estate, payment in full of M&T Bank mortgage, or else the sale will not occur.

7. As long as same is a valid lien on subject real estate, payment in full of Property Management Inc. homeowner's association fees, or else the sale will not occur.

8. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to the Debtor up to the total amount of the exemption in subject real estate. The total exemption pursuant to Debtor's proposed Schedules is $27,900.00.

9. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to Trustee Jack N. Zaharopoulos in an amount up to the amount necessary to fully fund the Plan, less any amount otherwise payable to a secured creditor pursuant to Debtor's Plan, which is, in fact, paid at settlement.

10. If there are net proceeds remaining after paying all of the costs, fees and liens set forth in the preceding paragraphs, then payment of any and all attorney fees owed to Debtor's counsel for representation in the above matter and which have been previously approved by the Court.

11. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then the remaining balance, if any, shall be distributed to the Debtor.

By the Court,

_Henry W. Van Eck_
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: August 27, 2024